UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

                                             Case No.:  24-22913-cgm

Adaeze Agu,

                                             Chapter 13

                     Debtor.

------------------------------------------------------------------x

### ORDER: (A) CONFIRMING NO AUTOMATIC STAY IN CASE PURSUANT TO 11 U.S.C. §362(c)(4)(A)(i), (ii) AND (j); (B) TERMINATING THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. §1301(c); AND (C) GRANTING IN REM RELIEF PURSUANT TO 11 U.S.C. §362(d)(4)

On January 15 2025, the Motion (the "Motion") PHH Mortgage Corporation as servicer for Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2 ("Movant"), dated December 24, 2024 came before the Court, for an order, pursuant to 11 U.S.C. § 362(c)(4)(A)(i) and (ii) and (j), and 11 U.S.C. § 362(d)(4) and 11 U.S.C. § 1301(c): confirming no automatic stay in the case; terminating the chapter 13 co-debtor stay; and granting prospective *In Rem* relief with respect to the collateral known as 2041 Washington Avenue, Bronx, New York 10457, Block 3036, Lot 51 Bronx County (the "Collateral"). This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED,** that the automatic stay is not in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(i) and (ii) in the case and as to the Collateral; and it is further

**ORDERED,** that the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a), is hereby terminated pursuant to 11 U.S.C. § 1301(c) as to Movant, its agents, assigns or successors in

interest, so that Movant, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Collateral; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording; and it is further

**ORDERED,** that Movant may offer a loan modification, loss mitigation and any other resolution of the disputes made the subject of the Motion in addition to or in lieu of taking any and all action under applicable state law to exercise its remedies against the Collateral, to the extent consistent with non-bankruptcy law, but excluding a reaffirmation of any discharged debt; and it is further

**ORDERED,** that Movant may seek attorney's fees and costs incurred in connection with the Motion in the in rem foreclosure proceeding to the extent allowed under any agreement(s) executed by Debtor and applicable non-bankruptcy law, but not as a personal liability of the Debtor; and it is further

**ORDERED,** that attorneys' fees in the amount of $1,050.00 and costs in the amount of $199.00 are awarded for the prosecution of this Motion, but are not recoverable from the Debtor or the Debtor's bankruptcy estate, and it is further

**ORDERED,** that the 14-day stay period under FRBP 4001(a)(3) is waived.

/s/ Cecelia G. Morris



**Dated: January 16, 2025**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**